1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLA D. SHANNON, et al., | Case No.  1:16-cv-00640-AWI-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS WITHOUT LEAVE TO AMEND |
| v. | |
| UNITED STATES OF AMERICA, et al., | (ECF No. 1) |
| Defendants. | THIRTY DAY DEADLINE |

Marla Shannon and Guy Shannon ("Plaintiffs"), proceeding pro se and in forma pauperis, filed this action pursuant to 28 U.S.C. § 1361, 26 U.S.C. §§ 7214 and 7433, and 18 U.S.C. § 872 on May 6, 2016.  On May 11, 2016, the Court ordered Plaintiffs to file long form in forma pauperis applications or pay the filing fee.  (ECF No. 4.)  On May 27, 2016, Plaintiffs filed long form applications to proceed in forma pauperis.  (ECF Nos. 5, 6.)  On June 1, 2016, the Court granted Plaintiffs' motions to proceed in forma pauperis.  (ECF No. 7.)

## I.

## SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted.   In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain

1

statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

## II.

## DISCUSSION

Plaintiffs bring this action for alleged violations related to the collection of income tax from Plaintiff Marla Shannon by the Internal Revenue Service ("IRS"). Plaintiffs filed the complaint under 26 U.S.C. §§ 7433 and 7214, 28 U.S.C. § 1361, and 18 U.S.C. § 872. Plaintiffs seek both monetary and non-monetary relief in the complaint.

### A.  Criminal Prosecution

Plaintiffs argue that IRS Settlement Officer Sylvia Perez made an unlawfully extortionate demand that Plaintiff Marla Shannon provide irrelevant financial information in order to receive a face-to-face CDP hearing. Plaintiffs attempt to bring a claim under 18 U.S.C. § 872, which states:

> Whoever, being an officer, or employee of the United States or any department or agency thereof, or representing himself to be or assuming to act as such, under color or pretense of office or employment commits or attempts an act of extortion, shall be fined under this title or imprisoned not more than three years, or both; but if the amount so extorted or demanded does not exceed $1,000, he shall be fined under this title or imprisoned not more than one year, or both.

Section 872 of Title 18, United States Code is part of the crimes and criminal procedure section of the United States Code, and does not provide for a civil remedy.

Plaintiffs also bring a claim under 26 U.S.C. § 7214.  Section 7214 also does not provide for a civil remedy, as it is part of Chapter 75, which is titled Crimes, Other Offenses, and Forfeitures.  Section 7214 states:

> **(a) Unlawful acts of revenue officers or agents.**--Any officer or employee of the United States acting in connection with any revenue law of the United States--
> (**1**) who is guilty of any extortion or willful oppression under color of law; or
> (**2**) who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation, or reward, except as by law prescribed, for the performance of any duty; or
> (**3**) who with intent to defeat the application of any provision of this title fails to perform any of the duties of his office or employment; or
> (**4**) who conspires or colludes with any other person to defraud the United States; or
> (**5**) who knowingly makes opportunity for any person to defraud the United States; or
> (**6**) who does or omits to do any act with intent to enable any other person to defraud the United States; or
> (**7**) who makes or signs any fraudulent entry in any book, or makes or signs any fraudulent certificate, return, or statement; or
> (**8**) who, having knowledge or information of the violation of any revenue law by any person, or of fraud committed by any person against the United States under any revenue law, fails to report, in writing, such knowledge or information to the Secretary; or
> (**9**) who demands, or accepts, or attempts to collect, directly or indirectly as payment or gift, or otherwise, any sum of money or other thing of value for the compromise, adjustment, or settlement of any charge or complaint for any violation or alleged violation of law, except as expressly authorized by law so to do;
>
> shall be dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both. The court may in its discretion award out of the fine so imposed an amount, not in excess of one-half thereof, for the use of the informer, if any, who shall be ascertained by the judgment of the court. The court also shall render judgment against the said officer or employee for the amount of damages sustained in favor of the party injured, to be collected by execution.

The Constitution delegates powers of the Federal Government into three defined categories: the Legislative Branch, the Executive Branch, and the Judicial Branch.  Bowsher v. Synar, 478 U.S. 714, 721 (1986).  It is the Executive Branch of the United States that has exclusive authority and absolute discretion to decide whether to prosecute a case.  United States v. Nixon, 418 U.S. 683, 693 (1974).  As the Judicial Branch, this Court does not have the power to criminally prosecute any individual or issue an order for the arrest of the IRS Agents. Therefore, Plaintiffs cannot initiate a criminal prosecution in this civil action.  Accordingly, Plaintiffs' claims under 18 U.S.C. § 872 and 26 U.S.C. § 7214 should be dismissed without leave

1  to amend.

2  **B.      Fourth Amendment and Fifth Amendment Claims**

3  Plaintiffs also assert claims for violations of the Fourth Amendment and Fifth

4  Amendment to the United States Constitution.  To the extent Plaintiffs are attempting to sue IRS

5  agents for civil rights violations of the Fourth and Fifth Amendments, such claims must be

6  brought under Bivens v. Six. Unknown Named Agents of the Federal Bureau of Narcotics, 403

7  U.S. 388 (1971).  Lawsuits against federal officials for constitutional deprivations that occur

8  under color of federal law are actionable pursuant to Bivens. While this doctrine provides for

9  private rights of action for violations of the Fourth Amendment, Bivens, and the Fifth

10  Amendment Due Process clause, Davis v. Passman, 442 U.S. 228 (1979), the United States

11  Supreme Court usually does not extend Bivens to claims where Congress has already provided

12  "an avenue for some redress."  Correctional Services Corporation v. Malesko, 534 U.S. 61, 68–

13  69 (2001); Libas Ltd. v. Carrillo, 329 F.3d 1128, 1130 (9th Cir. 2003).  The Ninth Circuit has

14  found that taxpayers have no right to Bivens relief for any allegedly unconstitutional actions of

15  IRS officials engaged in tax collection.  Adams v. Johnson, 355 F.3d 1179, 1188 (9th Cir. 2004).

16  The Ninth Circuit found that because the complex statutory scheme of Title 26 of the United

17  State Code ("Internal Revenue Code" or "IRC") included a comprehensive remedial scheme,

18  Congress considered any wrongs could be addressed in the Code's administration.  Id. at 1185–

19  1186.

20  Section 7433 of the Internal Revenue Code is the exclusive remedy for damages caused

21  by the reckless or intentional disregard of the Internal Revenue Code by IRS employees in the

22  collection of taxes.  Accordingly, Plaintiffs' claims against Defendants for alleged violations of

23  the Fourth Amendment and Fifth Amendment should be dismissed without leave to amend.

24  **C.      Conversion Claim**

25  Plaintiffs also raise a common law claim for conversion.  The Federal Tort Claims Act,

26  28 U.S.C. § 2671, et seq., ("FTCA") "vests the federal district courts with exclusive jurisdiction

27  over suits arising from the negligence of Government employees."  Jerves v. United States, 966

28  F.2d 517, 518 (9th Cir.1992).  "The FTCA is the exclusive remedy for tortious conduct by the

United States, and it only allows claims against the United States." Fed. Deposit Ins. Corp. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998). "Section 1346(b) [of the FTCA] grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and 'render[ed]' itself liable." Fed. Deposit Ins. Corp.v. Meyer, 510 U.S. 471, 477 (1994) (citations omitted). Plaintiffs bear the burden of establishing FTCA jurisdiction. Prescott v. United States, 973 F.2d 696, 701 (9th Cir. 1992).

The United States has waived its immunity for suits alleging certain common law torts, such as conversion, by federal officials acting within the scope of their employment under the FTCA. However, there is an exception to recovery under the FTCA which prohibits suits for any "claim arising in respect of the … collection of any tax." 28 U.S.C. § 2680(c). Plaintiffs' claim for conversion involves the collection of tax, so Plaintiffs cannot proceed on a conversion claim in this action. See Hutchinson v. United States, 677 F.2d 1322, 1327 (1982). Accordingly, Plaintiffs' conversion claim should be dismissed without leave to amend.

### D.    Section 7433 of the Internal Revenue Code

Plaintiffs allege that this Court has jurisdiction under section 7433 of the Internal Revenue Code, which authorizes civil actions for Internal Revenue Code violations in connection with any collection of Federal tax with respect to a taxpayer. Plaintiff Marla Shannon declares that on September 21, 2015, she received an IRS form CP90 that stated "[i]ntent to seize your assets and notice of your right to a hearing" and an IRS form CP91 that stated "[i]ntent to seize up to 15% of your Social Security Benefits." (ECF No. 1 at 24.) Plaintiffs allege that the collection of taxes from Plaintiff Marla Shannon was not in compliance with provisions of the Internal Revenue Code.

A suit against IRS employees in their official capacity is essentially a suit against the United States. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). In addition, Section 7433(a) limits relief against the Government in that a "taxpayer may bring a civil action for damages against the United States in a district court of the United States." Therefore, Section 7433 claims may be brought against only the United States, and not the IRS Agents, so the United States is the only proper defendant for Plaintiff's section 7433 claims.

Although this action is brought by both Marla Shannon and Guy Shannon, Marla Shannon is the only Plaintiff with standing to sue the United States under Section 7433. The Ninth Circuit has held that " § 7433(a) requires that [the plaintiff] be 'such taxpayer' from whom the IRS collected the tax ...; that is, the direct taxpayer, not a third party." Allied/Royal Parking L.P. v. U.S., 166 F.3d 1000, 1003 (9th Cir. 1999) (quoting Ferrel v. Brown, 847 F.Supp. 1524, 1528 (W.D. Wash. 1993) (internal citation and emphasis omitted), aff'd, 40 F.3d 1049 (9th Cir. 1994) (per curiam) (adopting district court opinion)). Therefore, only Plaintiff Marla Shannon may bring claims under Section 7433 because she is the taxpayer from whom the IRS collected the tax. The remainder of this order refers to the claims brought by Plaintiff Marla Shannon ("Plaintiff").

Plaintiff argues that Defendants are not entitled to representation by the Justice Department in this action, because they were operating outside the scope of their employment and lawful authorities. However, at this time Plaintiff's argument regarding Defendants' representation is mere speculation. Defendants have not yet appeared in this action. Further, based on the allegations in the complaint, Defendants were acting within the scope of their employment as IRS employees. Additionally, as stated above, Plaintiff's claims under section 7433 are against the United States, and not the individual IRS employees.

Plaintiff alleges that IRS Agents did not comply with multiple provisions of the Internal Revenue Code: (1) 26 U.S.C. § 6331(d) because IRS Agents did not give Plaintiff a notice of an intent to levy (Compl. ¶¶19, 46); (2) 26 U.S.C. § 6330(a) because IRS Agents did not give Plaintiff a notice of a right to a CDP hearing opportunity before the notice of levy was issued (Comp. ¶¶ 21, 47); (3) 26 U.S.C. § 6330(c) because the appeals officer did not obtain verification from the Secretary that the requirements of 26 U.S.C. §§ 6502(b), 6335(a), 6331(a), 7608(a), and 7608(b) were met (Compl. ¶¶ 22-44, 48); (4) 26 U.S.C. § 6502(b) and 26 U.S.C. § 6335(a) because the date on which a levy is made shall be the date on which the notice of seizure provided in Section 6335(a) is given, but Defendants did not give a notice of seizure to Plaintiff (Compl. ¶¶ 24-29, 49-50); and (5) 26 U.S.C. § 7608(a) and 26 U.S.C. § 7608(b) because the Revenue Agent in this action was not authorized to make seizures of private property under

subtitle A (Compl. ¶¶ 30-35, 51-52.)[1]   However, the Court notes that Plaintiff does not state whether her social security benefits have been seized and it is unclear exactly which notices she received from the IRS pertaining to the levy of her unpaid taxes.

Section 7433 of Title 26, United States Code constitutes a limited waiver of the United States' immunity from civil suit, but there are specific restrictions on the instances in which the United States will waive its immunity.   Plaintiff may not bring this action against the United States based under 26 U.S.C. § 7433 on the actions of IRS employees without exhausting her administrative remedies.   26 U.S.C. § 7433(d)(1).   Treasury regulations clarify that plaintiffs must exhaust their administrative remedies "before the earlier of the following dates" set forth in 26 C.F.R. § 301.7433–1(d)(1):

> (i) The date the decision is rendered on a claim filed in accordance with paragraph (e) of this section; or
> (ii) The date six months after the date an administrative claim is filed in accordance with paragraph (e) of this section.

The only exception is set forth in 26 C.F.R. § 301.7433-1(d)(2), which states, "[i]f an administrative claim is filed in accordance with paragraph (e) of this section during the last six months of the period of limitations described in paragraph (g) of this section, the taxpayer may file an action in federal district court any time after the administrative claim is filed and before the expiration of the period of limitations."

Congress has specifically limited the waiver of the United States' immunity to those cases where a plaintiff has exhausted administrative remedies within the IRS under section 7433. If a plaintiff has not exhausted his or her administrative remedies by not filing an administrative claim with the IRS pursuant to section 7433, the district court is deprived of subject matter jurisdiction over a plaintiff's section 7433 claim.   The Court must dismiss the action when "the court determines at any time that it lacks subject-matter jurisdiction."   Fed. R. Civ. P. 12(h)(3). The plaintiff bears the burden of establishing jurisdiction.   Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,

---

[1] The Court notes that Plaintiff has two paragraphs numbered 30 and two paragraphs numbered 31 in the complaint. Plaintiff should be careful in numbering her paragraphs in any amended complaint.

546 F.3d 981, 984 (9th Cir. 2008).

The Court cannot determine at this time whether Plaintiff Marla Shannon complied with the administrative exhaustion requirements. Pursuant to 26 C.F.R. § 301.7433-1(e)(1), a plaintiff seeking damages under section 7433 must send in writing the claim to the Area Director, Attn: Compliance Technical Support Manager of the area in which the plaintiff resides. The administrative claim must include the following information:

> (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

> (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

> (v) The signature of the taxpayer or duly authorized representative. For purposes of this paragraph, a duly authorized representative is any attorney, certified public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.

26 C.F.R. § 301.7433-1(e)(2).

Plaintiff argues that she attempted to administratively resolve this matter by sending a letter dated July 18, 2013, to IRS District Director in response to IRS Letter CP22E dated April 22, 2013. However, it appears from the allegations in the complaint that the alleged violations occurred during the collection of taxes in 2015 and 2016, so it is unclear how Plaintiff could have exhausted her administrative remedies for these violations in 2013.

Plaintiff declares that she was informed on April 7, 2016, by Revenue Agent Appeals Team Manager Teshawna Woods that her hearing appeal was denied and that she would have to file an appeal in the United States Tax Court. (Compl. ¶ 44.) However, this statement does not show that Plaintiff exhausted her administrative remedies for her section 7433 claims. The only exhibit that Plaintiff attached to her complaint was her declaration. Plaintiff did not attach any of

the letters to or from IRS agents to the complaint.  Based on the information in the complaint and the information in Plaintiff's declaration, the Court is unable to determine whether Plaintiff exhausted her administrative remedies for her section 7433 claims.  Plaintiff has not alleged sufficient facts to show that she complied with the requirements set forth in 26 C.F.R. § 301.7433-1(e).  Therefore, Plaintiff Marla Shannon's section 7433 claims should be dismissed for lack of subject matter jurisdiction and Plaintiff Guy Shannon's section 7433 claims should be dismissed for lack of standing.

### E.    Injunctive Relief

Plaintiff also seeks a temporary restraining order or injunction which orders Defendants to cease and desist in the unlawful behavior and orders Defendants to cause and withdraw or release or eradicate from Plaintiff Marla Shannon's credit record any IRS lien or negative credit report and any IRS lien recorded in her name in any County or State recorder's office.

Plaintiff cites to Section 1361 of Title 28 of the United States Code, which states:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

While 28 U.S.C. § 1361 provides the district court with jurisdiction to compel an officer or employee of the United States to perform a duty by way of a writ of mandamus, a writ of mandamus should only be invoked in the most drastic circumstances.  Plaintiff has advanced no claim which merits this extraordinary remedy. Moreover, the statute does not create special liability or an independent cause of action." Dyrda v. C.I.R., 633 F. Supp. 2, 3-4 (D. Neb. 1985) (internal citations omitted).

Further, as the Ninth Circuit recognized in Bright, requests for injunctive relief are barred by the Anti–Injunction Act, 26 U.S.C. § 7421(a), which prohibits suits "for the purpose of restraining the assessment or collection of any tax." Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 770 (9th Cir. 1986).  Therefore, as Plaintiff's request for a temporary restraining order or injunction may be viewed as one to restrain the assessment or collection of federal income tax, the Court does not have jurisdiction to award this relief.  Accordingly, Plaintiffs' 28 U.S.C. § 1361 claim should be dismissed without leave to amend.

### F.      Leave to Amend

Generally, leave to amend shall be freely given when justice so requires.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  "This policy is 'to be applied with extreme liberality.'"  Id. (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  Leave to amend should be freely given in the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.  Id. at 1051-52.  Absent prejudice, or a strong showing of the other factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.  Id. at 1052.  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment."  Id. at 1052 (citing Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996)).

The Court recommends that the complaint be dismissed with leave to amend Plaintiff Marla Shannon's claims under 26 U.S.C. § 7433, to the extent that new or different facts can be alleged to render the claims cognizable.  The Court recommends that Plaintiff Marla Shannon's other claims be dismissed without leave to amend and that Plaintiff Guy Shannon's claims be dismissed without leave to amend.

### III.

### RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.      The complaint, filed May 6, 2016, be DISMISSED with leave to amend Plaintiff Marla Shannon's claims under 26 U.S.C. § 7433;

2.      Plaintiff Marla Shannon's claims for Fourth Amendment violations, Fifth Amendment violations, conversion, violations of 18 U.S.C. § 872, violations of 26 U.S.C. § 7214, and violations of 28 U.S.C. § 1361 be DISMISSED without leave to amend; and

3.      Plaintiff Guy Shannon's claims be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of these findings and recommendations, Plaintiffs may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 29, 2016**

UNITED STATES MAGISTRATE JUDGE